## In re PETITION FOR DISCIPLINARY ACTION AGAINST Richard A. OHLSEN, a Minnesota Attorney, Registration No. 81176.

### No. A04–2432.

Supreme Court of Minnesota.

May 24, 2005.

### ORDER

On December 21, 2004, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Richard A. Ohlsen committed professional misconduct warranting public discipline. The Director alleged that respondent abandoned a client matter, failed to respond to client communications, failed to inform a client about court-ordered sanctions, and failed to comply with discovery requests, resulting in dismissal of the client's case with prejudice in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 3.2, 3.4(c), and 8.4(d).

Subsequent to the filing of the petition, respondent entered into a stipulation with the Director in which respondent admitted his conduct violated the Rules of Professional Conduct and waived his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR). The stipulation

also set forth the respondent's and Director's joint recommendation to our court that the appropriate discipline is a public reprimand and two years of supervised probation along with payment of $900 in costs pursuant to Rule 24, RLPR. The recommended supervised probation included the following conditions:

(1) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(2) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(3) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date the stipulation between the parties is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise agreement, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph 4 below. Respondent shall make ac-tive client files available to the Director upon request.

(4) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may be reasonably requested by the Director.

(5) Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

On February 18, 2005, we issued an order directing the parties to file briefs addressing why more severe discipline was not warranted and setting the matter on for oral argument. Having heard the matter on May 9, 2005, and upon reviewing the record submitted, we now conclude that the recommended discipline is appropriate.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED: that respondent Richard A. Ohlsen is publicly reprimanded and placed on two years of supervised probation subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Kathleen A. Blatz
Chief Justice